UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JACOB ALEX JOHNSON § | |
| § | |
| vs. § | NO: MO:23-CV-00111-DC |
| § | |
| ECTOR COUNTY SHERIFF'S OFFICE § | |

## ORDER DISMISSING CASE

In his 42 U.S.C. §1983 civil rights complaint, Plaintiff indicates that the Ector County Sheriff's Office is being named as a Defendant. [docket number 1]. "The Sheriffs Office is responsible for the hiring and continued employment of staff that neglected plaintiffs rights." [*Id.* at 1] (errors in original). To the extent that Plaintiff intended to sue the jail itself, that claim is improper and must be dismissed.[1]

The capacity of a governmental entity to sue or be sued in federal court is determined by state law. *See* FED. R. CIV. P. 17(b). As a result, for example, "[a]lthough a municipal corporation and the individual members of its city council may have capacity to sue and be sued, the council itself may not be a legal entity for purposes of Rule 17(b)." Wright, Miller, & Kane, 6A Federal Practice and Procedure: Civil 2d §1562, p. 454 (West Publishing, 2d ed. 1990). Under Texas law, a city or county can designate whether its departments or subdivisions can sue or be sued. *See*, *e.g.*, *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) ("A Texas city is allowed to designate whether one of its own subdivisions can be sued as an independent entity.") A plaintiff cannot sue a city or county department or subdivision unless it enjoys separate legal

---

[1] "[A] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. §1983." *Castillo v. Blanco*, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); *see also Francis v. United States*, Civ. Action No. 07-1991, 2007 WL 2332322, at *2 & n. 4 (E.D. La. Aug. 13, 2007); *Martinez v. Larpenter*, Civ. Action No. 05-874, 2005 WL 3549524, at *5 (E.D. La. Nov. 1, 2005); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989); *Mitchell v. Chester Cty. Farms Prison*, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

existence. *Id.* In this case, Plaintiff has not alleged facts showing that the Ector County Detention Center and/or the Ector County Sheriff's Office have been established as separate legal entities with the capacity to sue and be sued.

Plaintiff is presumably proceeding *in forma pauperis* in this action, although he has steadfastly refused to respond to an order for an *in forma pauperis* application or to pay the filing fee; therefore, the complaint is subject to the screening provisions mandated by 28 U.S.C. §1915(e). This section mandates the *sua sponte* dismissal of an action at any time before responsive pleadings are filed, if the Court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(B)(i)–(iii); *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990); *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). In performing this screening function, the Court must be cognizant of the duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining whether a cause of action exists. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e., it is based upon an undisputedly meritless legal theory) or in fact (i.e., the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim that would entitle him to relief. *Smith v. Winter*, 782 F.2d 508, 511–12 (5th Cir. 1986).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept Plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996). After a review and consideration of the entire record, accepting all allegations as true, this Court dismisses Plaintiff's complaint against the Ector County Detention Center and/or the Ector County Sheriff's Office in accordance with these provisions.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. 42 U.S.C. §1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). Under federal law, neither a county prison facility nor a Sheriff's Office is a "person" within the meaning of Fed. R. Civ. P. 17.[2] The Court finds no law, constitutional, statutory, or otherwise, that defines a jail or any unit or department therein to be a person with the capacity to sue or to be sued. A county jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 96-3088, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued), *aff'd*, 154 F.3d 416 (5th Cir. 1998). Thus, neither the Ector County Detention Center, nor the Ector County Sheriff's Office is a proper Defendant in this case.

Also as noted above, Plaintiff contends the Ector County Sheriff's Office stole his intellectual property, and to compensate, Plaintiff asks for "$10,000.00 per page of intellectual property that is missing and $40,000.00 in punitive damages for a total of $240,000.00." [docket

---

[2] *See Cullen v. DuPage Cty.*, No. 99 C 1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester Cty. Corr. Facility Admin.*, No. 97 CIV. 0420(SS), 1997 WL 659100, at *6 (S.D. N.Y. Oct. 22, 1997); *Powell v. Cook Cty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw Cty. Prosecutor's Office*, 548 F.Supp. 1255, 1256 (E.D. Mich. 1982).

number 1 at 4]. He goes on to explain that:

> Upon arriving at TDC Rogelio Sanchez Unit and inspecting his legal property Plaintiff discovers that there are many pages and two small envelopes missing from the legal materials. Plaintiff discovers that all intellectual property such as song lyrics, poems and personal letters as well as two envelopes containing personal and legal correspondence are missing. Much of the intellectual property was written on the back of legal documents such as indictment information. In all there are fifteen pages of legal documents from Ector County District Court, 8 pages of personal correspondence, five pages of legal research notes and twenty pages of poetry and song lyrics missing from the materials. All of these items were removed from plaintiff legal property and he was never informed or afforded the opportunity to mail the property even though he had plenty of postmarked envelopes, which were also taken, to do so. The actions of the Ector County Sheriffs Office staff in this matter are blatantly malicious and can only be described as theft of intellectual property while illegally searching privileged documents.

[*Id.* at 3–4] (errors in original).

"Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3:07-CV-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007). The Ector County Sheriff's Office is simply not a legal entity capable of being sued. *See, e.g., Martin v. City of San Antonio*, No. SA-05-CA-0020-XR, 2006 WL 2062283, *2 n. 1 (W.D. Tex. 2006 July 25, 2006) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)).

The "[c]apacity to sue or be sued" is governed by "the law of the state where the court is located." FED. R. CIV. P. 17(b)(3). Thus, Texas law governs this question. To sue a county department in Texas, "[the department] must enjoy a separate legal existence," i.e., it must be a "separate and distinct corporate entity." *Lone Star Chapter Paralyzed Veterans of Am. v. City of San Antonio*, No. 10–CV–316–XR, 2010 WL 3155243, at *1 (W.D. Tex. Aug. 10, 2010) (quoting *Darby*, 939 F.2d at 313). Accordingly, unless the "true political entity" has granted the

department jural authority, it may not sue or be sued. *Id.* This Court has previously found that the Ector County Sheriff's Office has not been granted jural authority, noting that as a home-rule municipality that reserved all general powers, including the right to sue or be sued, Ector County created the Ector County Sheriff's Office as a department of county government, but did not grant it the right to sue or be sued. In addition, Plaintiff's claim against the Ector County Sheriff's Office runs afoul of the well-settled principle that vicarious liability does not apply to §1983 claims. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (holding municipality could not be held liable under §1983 absent proof its failure to adequately train employees rose to level of deliberate indifference to rights of its citizens).

In Texas, county sheriff's office and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's office) "to grant the servient agency with jural authority." *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991); *see also Thomas-Melton v. Dallas County Sheriff's Dep't*, No. 94-10049, 39 F.3d 320 (5th Cir. Oct. 25, 1994); *Alcala v. Dallas County Sheriff*, No. 92-1053, 988 F.2d 1210 (5th Cir. Mar. 12, 1993). Because there is no indication that the Ector County Sheriff's Office enjoys a separate legal existence, it is not a proper party, and the cause of action against it must be dismissed.

Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit. *See, e.g., Bridges v. Rossi*, No. 3:96-CV-488, 1998 WL 241242 at *5 (N.D. Tex. May 6, 1998) (holding that Dallas Police Department lacks jural existence and the capacity to be sued); *Magnett v. Dallas County Sheriff's Department*, No. 3:96-CV-3191, 1998 WL 51355 at *1 (N.D. Tex. Jan. 20, 1998) (holding that neither the Dallas County Sheriff's Department nor the Dallas County Sheriff's Department Detention Services Bureau has the legal

authority to engage in separate litigation); *Wysner v. Dallas County Sheriff's Department*, No. 3:96-CV-1011-P, 1997 WL 10030 at *2 (N.D. Tex. Jan 7.1997) (holding that Dallas County Sheriff's Department is not a separate legal entity amenable to suit); *and Jacobs v. Port Neches Police Department*, 915 F.Supp. 842, 844 (E.D. Tex. 1996) (holding that county sheriff's department and county district attorney's office are not legal entities capable of suing or being sued).

The plaintiff has the burden of showing that the city or county department has the capacity to be sued. *Darby*, 939 F.2d at 314. Although counties in Texas are "corporate and political" bodies susceptible to suit, sheriff departments typically are not because they exist as departmental subdivisions of the county. TEX. LOCAL GOV'T CODE §71.001. Plaintiff has failed to allege or demonstrate that the Ector County Sheriff's Office is a separate legal entity having jural authority. Accordingly, Plaintiff's claims should be dismissed as frivolous, for failing to state a claim upon which relief may be granted, and for seeking monetary relief against a defendant who is immune from such relief.

To the extent Plaintiff seeks to recover against Ector County itself for his claims of theft of intellectual property, the law states a county or municipality is not strictly liable for the acts of its employees or officers but is liable only for acts pursuant to official policy or custom. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690–91 (1978). Thus, to the extent Plaintiff seeks to sue the Ector County, he must demonstrate the existence of a policy or custom that caused the alleged constitutional deprivation. Plaintiff's complaint fails to allege a policy or custom that caused the alleged constitutional deprivation. [*See generally* docket number 1].

Plaintiff's claims against the Ector County Detention Center and/or the Ector County

Sheriff's Office, are dismissed *sua sponte* as this Court has determined that Plaintiff's claims against the detention center are frivolous and fail to state a claim on which relief may be granted, and he seeks to sue an entity in the Sheriff's Office that has no separate legal existence and therefore, seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i), (ii), (iii).

It is so **ORDERED.**

**SIGNED this 6th day of September, 2023.**

**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**